**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO.  23-01694-hb |
| B&B Commercial, LLC, | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | ) | |

**NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY (11 U.S.C. §§ 362(d)(1) and (d)(2))**

TO:    DEBTOR, DEBTOR'S ATTORNEY, AND OTHER PARTIES IN INTEREST

PLEASE TAKE NOTICE that a hearing will be held on the attached motion on:

Date:  **July 27, 2023**

Time: **11:00 a.m.**

Place:  **J. Bratton Davis U.S. Bankruptcy Courthouse, 1100 Laurel Street, Columbia, SC 29201-2423**

Within fourteen (14) days after service of the attached motion, the notice of motion, the movant's certification of facts, any party objecting to the relief sought shall:

1)    File with the Court a written objection to the 11 U.S.C. § 362 Motion;

2)    File with the Court a certification of facts;

3)    Serve on the movant items 1 & 2 above at the address shown below; and

4)    File a certificate of such service with the Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the Court.

Date of Service:  July 5, 2023

/s/ Adam J. Floyd
Michael M. Beal, Esq.  (USDC #1253)
Adam J. Floyd, Esq.    (USDC #10749)
**BEAL, LLC**
1301 Gervais Street, Ste. 1040
Columbia, SC  29201
(803) 728-0803
mbeal@bealLLC.com
afloyd@bealLLC.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO.  23-01694-hb |
| B&B Commercial, LLC, | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

First State Bank ("FSB"), a creditor herein, hereby moves this Court for relief from the

automatic stay imposed by 11 U.S.C. § 362 (the "Motion"). In support of the Motion, FSB

would show as follows:

1.      This Court has jurisdiction over the subject matter of this Motion pursuant to

28 U.S.C. §§157 and 1334; this is a core proceeding under 28 U.S.C. §157(b)(2)(G) and (O); and

this Court has the requisite authority to grant the relief requested herein pursuant to 11 U.S.C. §

362(d).

2.      Upon information and belief, in November 2019, B&B Commercial, LLC (the

"Debtor") and Heela Lodeen ("Lodeen") entered into a construction contract for the Debtor to

build four townhouses on adjacent lots owned by Lodeen and located at 313, 315, 317, and 319

Connor Circle in Evans, GA (the "Original Property").

3.      On May 7, 2020, FSB entered into a Promissory Note (the "Note") with the Debtor

wherein FSB made a commercial loan to the Debtor for the construction of the townhomes on the

Property.

4.      The total available amount under the Note was $472,006, but, as the Note was for

a construction loan, funds would only be lent whenever the Debtor requested a draw on the loan.

A true and correct copy of the Note is attached hereto as **Exhibit A** and is incorporated herein by

reference.

5.      On May 7, 2020, in order to better secure the indebtedness under the Note, Lodeen executed and delivered to FSB a Deed to Secure Debt (the "Deed to Secure Debt") which granted FSB a first priority mortgage lien on the Original Property.

6.      The Deed to Secure Debt was recorded in the property records for Columbia County, Georgia on May 22, 2020 at Book 12588, Pages 0189-0199.  A true and correct copy of the Deed to Secure Debt is attached hereto as **Exhibit B** and incorporated herein by reference.

7.      In May 2021, Lodeen sold the two lots located at 315 Connor Circle and 317 Connor Circle, and FSB executed partial releases of the Deed to Secure Debt. FSB's first priority mortgage lien on the properties located at 313 Connor Circle and 319 Connor Circle ("Remaining Property") has not been released and continues as a validly perfected first priority lien on the Remaining Property.

8.      On June 24, 2022, the Debtor recorded a Quitclaim Deed (the "Quitclaim Deed") for the Remaining Property, purportedly transferring the Remaining Property from Lodeen to the Debtor, in the property records of Columbia County, Georgia at Book 14337, Page 0244-0245.  A true and correct copy of the Quitclaim Deed is attached hereto as **Exhibit C** and incorporated herein by reference.

9.      The transfer of the Remaining Property pursuant to the Quitclaim Deed was subject to the Deed to Secure Debt.

10.     In 2022, Lodeen filed a complaint against the Debtor in the United States District Court for the Southern District of Georgia, alleging, among other things, breach of contract and fraud.  Part of the relief sought by Lodeen in this litigation was a finding by the District Court that the Quitclaim Deed from Lodeen to the Debtor was void *ab initio*.

11.     On March 27, 2023, the United States District Court for the Southern District of Georgia entered a Consent Judgment (the "Consent Judgment"), wherein it declared in relevant part that the Quitclaim Deed to be void *ab initio*. A true and correct copy of the Consent Judgment is attached hereto as **Exhibit D** and incorporated herein by reference.

12.     The District Court's ruling had no effect on the existence or validity of the Deed to Secure Debt, and the Deed to Secure Debt continues to constitute a first priority mortgage lien on the Remaining Property.

13.     The Note matured pursuant to its own terms in 2021.

14.     The Remaining Property is not insured by the Debtor or by Lodeen, and FSB is currently maintaining insurance on the Remaining Property, which shows FSB as the loss payee.

15.     At the time this bankruptcy was filed FSB was in the process of conducting a non-judicial foreclosure on the Remaining Property.

16.     Even though the Debtor does not own the Remaining Property, FSB halted its non-judicial foreclosure of the Remaining Property as soon as it received notice of the Debtor's bankruptcy filing out of an abundance of caution since the Debtor is the borrower on the Note.

17.     As of the Petition Date, the balance owed by the Debtor to FSB on the Note is $244,656.36.

### Relief Pursuant to 11 U.S.C. § 362(d)(1)

18.     FSB is entitled to relief pursuant to 11 U.S.C. § 362(d)(1), which provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay…such as by terminating, annulling, modifying, or conditioning the stay for cause, including lack of adequate protection…". 11 U.S.C. § 362(d)(1).

19.     Although FSB is a general unsecured creditor as it pertains to the Debtor, FSB

does have a mortgage lien on non-Debtor collateral.

20.     The Remaining Property is not being used by the Debtor, nor can it be liquidated

by the Chapter 7 Trustee to provide value to the Debtor's bankruptcy estate.

21.     As a result, the Remaining Property provides no value to this case.

22.     In addition to the fact that the Remaining Property brings no value to the Debtor's

bankruptcy estate, the Remaining Property is not insured by either the Debtor or Lodeen, and

FSB is continuing to maintain insurance on the Remaining Property showing FSB as loss payee.

These ongoing insurance payments continue to increase the amount of FSB's debt.

23.     Because the Remaining Property provides no value to the bankruptcy estate and,

FSB is not adequately protected as long as it is being prevented from pursuing its non-bankruptcy

remedies with regard to its lien on the Remaining Property.

24.     As a result, FSB should be granted relief from the automatic stay pursuant to 11

U.S.C. § 362(d)(1) so that it can proceed with its non-judicial foreclosure on the Remaining

Property and with any other non-bankruptcy rights and remedies that FSB might have with regard

to the Remaining Property or Lodeen.

**Relief Pursuant to 11 U.S.C. § 362(d)(2)**

25.     FSB is entitled to relief pursuant to Section 362(d)(2), which provides that a creditor

is entitled to relief from the automatic stay if there is no equity in the property <u>and</u> the property is

not necessary for an effective reorganization.

26.     In this instance, whether there is equity in the Remaining Property or not is

irrelevant for purposes of the Debtor's bankruptcy estate.

27.     The Debtor does not own the Remaining Property, and, as a result, the Remaining

Property provides no equity for the Debtor or the bankruptcy estate.

28.     Further, the Remaining Property is not necessary for an effective reorganization for several reasons.

29.     First, this is a Chapter 7 bankruptcy case, so the Debtor is not attempting to reorganize.

30.     Second, because the Remaining Property is not owned by the Debtor and, as a result, cannot bring any value to the bankruptcy estate, the Remaining Property cannot be liquidated to bring cash into the estate.

31.     As a result, FSB should be granted relief from the automatic stay pursuant to Section 362(d)(2) since the bankruptcy estate has no equity in the Remaining Property and the Remaining Property is not necessary for an effective reorganization.

For these reasons, FSB is entitled to relief from the automatic stay, for cause, pursuant to 11 U.S.C. §§ 362(d)(1) and (2) so that it can move forward with its non-judicial foreclosure of the Remaining Property and its other remedies pursuant to non-bankruptcy law.

WHEREFORE, having shown that the Court should enter an order providing that the automatic stay does not apply to prevent FSB from continuing its non-judicial foreclosure of the Remaining Property and for such other and further relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED on this the 5th day of July, 2023, in Columbia, South

Carolina.

/s/ Adam J. Floyd
Michael M. Beal, Esq.  (USDC #1253)
Adam J. Floyd, Esq.    (USDC #10749)
**BEAL, LLC**
1301 Gervais Street, Ste. 1040
Columbia, SC  29201
(803) 728-0803
mbeal@bealLLC.com
afloyd@bealLLC.com
Counsel for First State Bank

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

In Re:                                    )
                                          )        CASE NO.  23-01694-hb
B&B Commercial, LLC,                      )
                                          )        CHAPTER 13
            Debtor.                       )
_____ )

**CERTIFICATION OF FACTS**

In the above-entitled proceeding, in which relief is sought by First State Bank, from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

1.  Nature of Movant's Interest:  First State Bank ("FSB") has a first priority mortgage lien on the Remaining Property, as that term is defined in the accompanying Motion for Relief from the Automatic Stay (the "Motion). The Remaining Property is not owned by the Debtor and does not constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

2.  Brief Description of Security Agreement: Deed to Secure Debt, as better defined in the Motion.

3.  Description of Property Encumbered by Stay (including serial number, lot and block number, etc.).  The Remaining Property is described as 313 and 319 Connor Circle in Evans, GA, and is more accurately described in the Deed to Secure Debt.

4.  Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of the estate, etc.): include applicable subsection of 11 U.S.C. §362. FSB is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), for cause, and 11 U.S.C. § 362(d)(2), because the Remaining Property is not property of the bankruptcy estate and the Remaining Property is not necessary for an effective reorganization.

5.  Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable).

    Georgia, where the Remaining Property is located, is a non-judicial foreclosure state, and, therefore, this provision is not applicable.

6.  Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.):

| | |
|---|---|
| Fair Market Value: | $0.00[1] |
| Liens: | First State Bank - $244,656.36 |
| Equity Before Exemption: | N/A |
| Debtor's Exemption (-) | N/A |
| Net Equity: | -$244,656.36 |
| Source/Basis of Value: | N/A |
| Amount of Debtor's Estimated Equity. -$244,656.36 | |

7. <u>Month and Year in Which First Direct Post Petition Payment Came Due to Movant (if applicable).</u>  N/A.

8.

   a) <u>For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from Debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied:</u>
   (1) N/A

   b) <u>For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.</u>

9. <u>Month and Year for Which Post-Petition Account of Debtor(s) is Due as of the Date of this Motion.</u> N/A.

---

[1] Because the Debtor does not own the Remaining Property, its fair market value to the Debtor's bankruptcy estate is $0.00.

RESPECTFULLY SUBMITTED on this the 5th day of July, 2023, in Columbia, South

Carolina.

/s/ Adam J. Floyd
Michael M. Beal, Esq.  (USDC #1253)
Adam J. Floyd, Esq.  (USDC #10749)
**BEAL, LLC**
1301 Gervais Street, Ste. 1040
Columbia, SC  29201
(803) 728-0803
mbeal@bealLLC.com
afloyd@bealLLC.com
Counsel for First State Bank