## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| IN RE:<br><br>**B&B COMMERCIAL, LLC,**<br>    Debtor. | **Chapter 7**<br><br>Case No. 23-01694-hb |
| **AGS HOSPITALITY, LLC,**<br>    Movant,<br><br>v.<br><br>**B&B COMMERCIAL, LLC,**<br>    Debtor,<br><br>**JANET B. HAIGLER,**<br>    Trustee,<br><br>    Respondents. | **CONTESTED MATTER** |

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY
### (11 U.S.C. § 362(d)(1))

TO:   DEBTOR, DEBTOR'S ATTORNEY, AND ALL OTHER PARTIES IN INTEREST

**PLEASE TAKE NOTICE** that a hearing will be held on the attached motion on:

Date:  **August 24, 2023**
Time:  **11:00 a.m.**
Place: **J. Bratton Davis U.S. Bankruptcy Courthouse**
       **1100 Laurel Street, Columbia**
       **South Carolina 29201-2423**

Within fourteen (14) days after service of the attached motion, the notice of motion, and the movant's certification of facts, any party objection to the relief sought shall:

1) File with the Court a written objection to the 11 U.S.C. § 362 Motion;
2) File with the Court a certification of facts;
3) Serve on the movant items 1&2 above at the address shown below; and
4) File a certificate of such service with the Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the Court.

          Respectfully submitted,

Dated: July 26, 2023          **HUGGINS PEIL, LLC**

<u>/s/ Jeffrey F. Peil</u>
Jeffrey F. Peil
SC State Bar No. 102423
U.S. District Court ID No. 12957
jpeil@hugginsfirm.com
7013 Evans Town Center Boulevard, Suite 502
Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
*Attorney for Creditor AGS Hospitality, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| IN RE:<br><br>B&B COMMERCIAL, LLC,<br><br>　　Debtor. | **Chapter 7**<br><br>**Case No. 23-01694-hb** |
| AGS HOSPITALITY, LLC,<br>　　Movant,<br><br>v.<br><br>B&B COMMERCIAL, LLC,<br>　　Debtor,<br><br>JANET B. HAIGLER,<br>　　Trustee,<br><br>　　Respondents. | **CONTESTED MATTER** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**COMES NOW** AGS HOSPITALITY, LLC, Creditor/Movant in the above-styled action, and, by and through its counsel, moves this Court for relief from the automatic stay imposed by 11 U.S.C. § 362. In support of its Motion, Movant shows as follows:

**JURISDICTION**

　　1.　　Debtor filed for protection under Title 11 of the United States Code on June 9, 2023.

　　2.　　This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested may be granted pursuant to 11 U.S.C. §§ 362(d).

**RELIEF REQUESTED**

　　3.　　Movant is a creditor and tort claimant against B&B Commercial, LLC ("Debtor"),

and seeks relief from the automatic stay solely to liquidate its claims to finality, but not to collect on any judgment against the Debtor or its estate, except through the bankruptcy process, or through payment from proceeds of applicable insurance policies.

4. On or about March 27, 2021, Movant entered into a contract with Debtor for the Debtor to make significant repairs to its commercial hotel.

5. On May 1, 2023, Movant filed suit in the Aiken County Court of Common Pleas against Debtor asserting tort claims for negligent construction, negligence per se, breach of warranty, and fraud. See Ex. A, attached hereto and incorporated herein by reference.

6. On May 30, 2023, Movant was served with a copy of the Summons and Complaint in the state action. See Ex. B, attached hereto and incorporated herein by reference.

7. Under South Carolina law, Defendant had thirty (30) days to file an answer to Movant's complaint. See S.C. R. CIV. P. 12.

8. Since Debtor filed its bankruptcy petition on June 9, 2023, the automatic stay would have had the effect of staying the State court matter, and Debtor's time to respond to the complaint, until the automatic stay was lifted. However, on June 20, 2023, Debtor and its co-defendant, Monte Christopher Gray, filed answer and motions to dismiss in the case. See Exs. C & D, attached hereto and incorporated herein by reference.

9. At the time of contracting, Debtor was an unlicensed contractor, and thus debtor has no viable legal claim against Movant and the construction contract is void *ab initio*.

10. Movant alleges that Debtor, an unlicensed contractor, negligently performed commercial general contracting services for Movant's hotel, causing it damages.

11. At the time construction services were rendered, Debtor was insured by United Specialty Insurance Company, which provides coverage in the amount of $1,000,000 for personal

injury and $2,000,000 in the aggregate. See Ex. E, attached hereto and incorporated herein by reference.

12. Movant is seeking damages of $2,000,000.00.

13. In the South Carolina action, Debtor is represented by R. Wilder Harte, Esq. of Richardson Plowden. Upon information and belief, all of his costs of representation are being paid for by United Specialty Insurance Company.

**RELIEF PURSUANT TO 11 U.S.C. § 362(d)(1)**

14. Movant is entitled to relief pursuant to 11 U.S.C. § 362(d)(1) which provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning the stay *for cause, including lack of adequate protection* . . ." U.S.C. § 362(d)(1). (emphasis added).

15. "Courts often grant creditors relief from the automatic stay so they can adjudicate their unliquidated claims against a debtor outside of bankruptcy court, particularly when the claims are already the subject of pending litigation." Kipp Flores Architects LLC v. Mid-Continent Cas. Co., 852 F.3d 405, 414 (5th Cir. 2017); see also Bouchillon v. Caffey, 539 B.R. 102, 104 (Bankr. N.D. Miss. 2015) ("This Court is bound by clear Congressional intent to deny bankruptcy courts the jurisdiction to hear such personal injury torts. This Court may only determine dischargeability of any debts arising from the tort, but not the underlying tort itself. The state court is the more appropriate forum for resolution of the underlying case.").

16. The legislative history of the automatic stay bears out the Fifth Circuit's interpretation. As stated in the Senate Report accompanying the Bankruptcy Reform Act of 1978, "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen

forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836; see also 2 Collier on Bankruptcy § 362.07[3], at 362-71 (15th ed. 1991); In re Robbins, 964 F.2d 342, 345-46 (4th Cir. 1992). This is especially true in cases, like here, that are based on state law and lack any connection with or interference with the pending bankruptcy case. See Kipp Flores, 852 F.3d at 414; In re Fowler, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001) (noting that "[t]his Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor").

17.     The factors that a bankruptcy court should consider in deciding whether to lift the automatic stay are:

(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;

(2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and

(3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992), as amended (May 27, 1992).

18.     Movant has a large tort claim against the Debtor. However, because of the automatic stay, Movant has not been able to reduce its claim to a dollar amount. Further, Movant is faced with a difficult choice: it could respond to Debtor's motion to dismiss, and risk violating the automatic stay, or take no action, and risk losing its claim altogether.

19.     Regarding the first factor, all of the claims raised in Movant's complaint against Debtor involve only questions of state law. There is nothing in Movant's pending case that even tangentially implicates federal law. A bankruptcy court should not question "a state circuit court

on a matter in which the state enjoys expertise." In re Lee, No. CA3:10-196, 2010 WL 1838952, at *2 (D.S.C. May 6, 2010), aff'd, 461 F. App'x 227 (4th Cir. 2012).

20.  Regarding the second factor, keeping the state court action pending promotes judicial economy. In the Circuit Court case, the issues have been joined, and Debtor has filed a potentially dispositive motion. See, e.g., In re Knox, 636 B.R. 637, 641 (Bankr. D.S.C. 2022) ("Allowing continuance in the state court promotes judicial economy because it has already progressed to the dispositive motions stage.").

21.  Regarding the third factor, Bankruptcy courts routinely find "cause" to lift the stay and authorize state claims to continue where insurance proceeds are directly implicated. In re Robertson, 244 B.R. 880 (Bankr. N.D. Ga. 2000) (lifting the automatic stay and finding that the only detriment to the debtor if the stay is lifted would be that the debtor would be required to appear and testify in state court proceedings, and the only entity that stood to profit from the stay was the debtor's insurer."); In re R.J. Groover Const., L.L.C., 411 B.R. 460, 466–67 (Bankr. S.D. Ga. 2008)(where an insurance company argued it may simply deny coverage and withdraw from defense in the state court suit, the bankruptcy court provided the movant relief from the stay "as long as [Insurer] continues to provide a defense to [Defendant LLC and Debtor]."); In re Honosky, 6 B.R. 667, 669 (Bankr. S.D.W. Va. 1980) ("The choice is between lifting the stay to permit the civil action to proceed or to simply allow the unliquidated claim to be discharged. The Court is not convinced that the Bankruptcy Code was intended to bestow such a benefit upon insurance companies. The cases referred to above, although decided under the Bankruptcy Act, demonstrate judicial recognition of the equity of permitting a civil suit to proceed against one covered by insurance where the bankruptcy estate is in no way harmed."). This Court may fashion relief which adequately protects Debtor's bankruptcy estate. So long as United Specialty continues to provide

a defense to Debtor in the state court action, the Debtor's bankruptcy estate is in no way harmed by continuation of that action to judgment.

22. Additionally, "[i]t is a crystalline rule that a discharge cannot be entered in a chapter 7 case in which the debtor is not an individual." 11 U.S.C. § 727(a)(1)." In re Bestway Prod., Inc., 151 B.R. 530, 537 (Bankr. E.D. Cal. 1993), aff'd sub nom. In re Wetherbee, 165 B.R. 339 (B.A.P. 9th Cir. 1994), and aff'd, 165 B.R. 339 (B.A.P. 9th Cir. 1994). In this case, the Debtor is an LLC, and is ineligible to receive a discharge of any of its debts in this proceeding. Consequently, the assets of the bankruptcy estate are not implicated in any way.

## CONCLUSION

23. As the Debtor is adequately represented by insurance counsel in the state court proceedings, and as the action concerns state law claims that have progressed to the dispositive motion stage, Movant is entitled to relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1) so that it can obtain a state court judgment against the Debtor.

**WHEREFORE**, for the reasons set forth herein, Movant respectfully requests that this Court:

a. Issue an order modifying and lifting the automatic stay to permit Movant to obtain a state court judgment against the Debtor in the matter of AGS Hospitality, LLC v. B&B Commercial, LLC, case number 2023CP0201012, pending in the Aiken County Court of Common Pleas; and

b. Should Debtor fail to object, issue an order granting immediate relief from the automatic stay, pursuant to Fed. R. Bankr. P. 4001(a)(3); and

b. Issue such other and further relief as this Court deems necessary and proper.

                        Respectfully submitted,

Dated: July 26, 2023                  **HUGGINS PEIL, LLC**

                        <u>/s/ Jeffrey F. Peil</u>
                        Jeffrey F. Peil (SBN 976902)
                        jpeil@hugginsfirm.com
                        7013 Evans Town Center Boulevard, Suite 502
                        Evans, Georgia 30809
                        Telephone: (706) 210-9063
                        Facsimile: (706) 210-9282
                        *Attorney for Creditor/Movant*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| IN RE:<br><br>B&B COMMERCIAL, LLC,<br><br>　　　Debtor. | **Chapter 7**<br><br>**Case No. 23-01694-hb** |
| AGS HOSPITALITY, LLC,<br>　　　Movant,<br><br>v.<br><br>B&B COMMERCIAL, LLC,<br>　　　Debtor,<br><br>JANET B. HAIGLER,<br>　　　Trustee,<br><br>　　　Respondents. | **CONTESTED MATTER** |

**CERTIFICATION OF FACTS**

In the above-entitled proceeding, in which relief is sought by AGS Hospitality, LLC ("Movant") from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

(1) <u>Nature of Movant's Interest.</u> Movant is the plaintiff in the case of <u>AGS Hospitality, LLC v. B&B Commercial, LLC</u>, case number 2023CP0201012, pending in the Aiken County Court of Common Pleas (the "State Civil Action").

(2) <u>Brief Description of Security Agreement, copy attached (if applicable).</u> N/A

(3) <u>Description of Property Encumbered by Stay (include serial number, lot and block number, etc.).</u> Movant's chose in action, <u>AGS Hospitality, LLC v. B&B Commercial, LLC</u>, case number 2023CP0201012, pending in the Aiken County Court of Common Pleas.

(4) <u>Basis for Relief (for cause, property not necessary for reorganization, debtor has no equity, property not property of estate, etc.) include applicable subsection of 11 U.S.C. § 362).</u> AGS Hospitality, LLC is entitled to relief "for cause" pursuant to 11 U.S.C. § 362(d)(1) as Debtor is represented by insurance counsel, Debtor is not entitled to a discharge of the debt, and no property of the Debtor's bankruptcy estate is implicated.

(5) <u>Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable)</u>. The State Civil Action remains pending, and no orders of the court have been entered since Debtor filed its petition. In the State Civil Action, the Court has entered two orders denying dispositive relief to Debtor.

(6) <u>Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.)</u>:

| | |
|---|---|
| Fair Market Value: | Unliquidated |
| Senior Liens: | N/A |
| Movant's Lien: | N/A |
| Other Liens: (Listed in order of priority) | N/A |
| Net Equity: | N/A |
| Source/Basis of Value: | N/A |

(7) <u>Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra)</u>. N/A

(8) <u>Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable)</u>. N/A

(9) (a)  <u>For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied</u>. N/A

(b) <u>For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection</u>.

(10) <u>Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion</u>: N/A

        Respectfully submitted,

Dated: July 26, 2023        **HUGGINS PEIL, LLC**

/s/ Jeffrey F. Peil
Jeffrey F. Peil (SBN 976902)
jpeil@hugginsfirm.com
7013 Evans Town Center Boulevard, Suite 502
Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
*Attorney for Creditor/Movant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2023, I electronically filed the foregoing <u>Notice of Motion for Relief from Automatic Stay (11 U.S.C. § 362(d)(1))</u> and <u>Motion for Relief from Automatic Stay</u> with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

**B&B Commercial, LLC**
1315 West Martintown Road
North Augusta, SC 29860

**William Harrison Penn, Esq.**
Penn Law Firm, LLC
P.O. Box 11332
Columbia, South Carolins 29211-1332

**Janet B. Haigler, Esq.**
Chapter 7 Panel Trustee
Post Office Box 505
Chapin, SC 29036

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201

**Adam J. Floyd, Esq.**
Beal, LLC
1301 Gervais Street, Suite 1040
Columbia, SC 29201

Respectfully submitted,

Dated: July 26, 2023          **HUGGINS PEIL, LLC**

/s/ Jeffrey F. Peil
Jeffrey F. Peil (SBN 976902)
*Attorney for Creditor/Movant*